**FAUST et v YOUNGSTOWN (city) et**

Ohio Appeals, 7th Dist, Mahoning Co

No 1154. Decided Dec 20, 1934

J. G. Hartwell, Youngstown, and Clyde W. Osborne, Youngstown, for plaintiffs.

Henry Church, Youngstown, for defendant County Commissioners and County Treasurer.

SHERICK and MONTGOMERY, JJ (5th Dist) sitting by designation.

## OPINION

By MONTGOMERY, J.

In view of the dismissal from the action of the City of Youngstown, the issue is very much narrowed. This court is not called upon to, and could not with propriety, pass upon the legality of the contract between the city and the county authorities, and is not called upon to and could not with propriety, express an opinion upon the matter of the status of the parties as based upon that contract, nor upon any rights or remedies that might exist. The sole question for determination by this court is the right of the plaintiffs to maintain an action against the county officers to enjoin the collection of these assessments.

The issue is narrowed still further by one paragraph in the stipulation of facts, and by the statement of counsel for plaintiffs in open court and in his brief. §16 of this agreed statement of facts is as follows:

"That all proceedings had by said county commissioners in connection with the establishment of said District, the sale and issue of bonds and the construction of said distribution system, were and are legal and in accordance with law. No claim is made as to excessiveness of assessments."

Counsel for plaintiffs in opening his brief states two things which he concedes, to-wit: 1. "That in establishing the Sewer District the County Commissioners in all respects complied with §§6602-1 and 6602-9 GC inclusive, and that a valid Sewer District at all times existed within the territory"; and 2, "That insofar as the creation of the Water Supply System in question is concerned it was instituted and the financing done therefor within said Sewer District, in all respects in accordance with §§6602-17 to 6602-33 GC."

The situation which we find is this: The improvement was made by the County Commissioners upon the petition of the people who are now complaining. The system was properly constructed, properly financed, and no complaint was made of the amount of the assessments. With knowledge, actual or constructive, of these facts, of the agree-

ment between the city and the county, of the existence of the liability for the unpaid assessments, these people, or a majority of them, voted for the annexation of their property to the City of Youngstown. Knowing full well the situation in which they were found, they voluntarily placed their territory within the city and made it an integral part of the city. How they can now complain against the collection of these assessments, we can not comprehend.

**Sec 6602-32B GC**, which provides for contracts such as this, when the water system is completed, provides in the concluding sentence as follows:

"The validity of any assessment which may have been levied, or may thereafter be levied, to provide means for the payment of the costs of such construction or maintenance of such water supply or water works, or any part thereof, shall not be affected by such conveyance."

True, this section presupposes that the system transferred shall be a completed system, but, as heretofore stated, we are not called upon to determine the validity of the transfer of a system not completed. We fail to see, however, what difference it can make to these plaintiffs, or how the validity of the transfer can be controlling in an action by them to enjoin the assessments which they admit were properly made, when made.

The situation is analogous to many road situations existing in Ohio, where improved roads have been constructed on the assessment plan and have thereafter become part of a state system. The affected property owners in these road districts complain of the fact that they have paid or must pay these assessments, while other roads now similar to theirs are being paid for out of general revenues to which they contribute, which is similar to the complaint of the plaintiffs in the instant case. There has been much agitation for legislation to relieve affected property owners from assessments for road construction, or to reimburse them, but we have not heard of any appeal to a court to relieve them, and we could not imagine any appeal to a court which would have any justification in law.

It follows, therefore, that the injunction heretofore granted will be dissolved and the action dismissed.

Motion for new trial, if filed, will be overruled. Exceptions may be noted.

SHERICK, J, concurs.